IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| R.B. DeBLANC, #1097068 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-251 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| DIRECTOR, TDCJ-CID[1] | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of R.B. DeBlanc, a prisoner in

the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID")

(Instrument No. 1).  Respondent filed an Answer with Brief in Support seeking the dismissal of

Petitioner's writ because it is time barred (Instrument No. 11).  Petitioner filed a Response

(Instrument No. 12).  Having carefully considered the Petition, the parties' motions and briefs, and

the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241

and 2254.  The State has custody of Petitioner pursuant to a judgment and sentence entered by the

344th Judicial District Court of Chambers County, Texas in Cause No. 11695, on April 19, 2002.

State Records ("S.R.") at 5-6.  Petitioner was indicted for the offense of murder and pled "not

---

[1] The previous named Respondent in this action was Doug Dretke.  Effective June 1, 2006, Nathaniel Quarterman succeeded Doug Dretke as Director of the Texas Department of Criminal Justice, Correctional Institutions Division.  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Nathaniel Quarterman is automatically substituted as a party.

guilty" to the charge.  S.R. at 3-4.  A jury, after hearing the evidence, found Petitioner guilty as

charged.  The trial court sentenced Petitioner to fifty (50) years confinement.  S.R. at 5-6.

A notice of appeal was filed.  Petitioner's appellate counsel, however, filed an *Anders*[2] brief

stating that the appeal was frivolous and without merit.  S.R. at 67-69.  The First Court of Appeals

expressly advised Petitioner of his right to file a *pro se* brief in support of his claims on appeal and

also provided him additional time to do so.  *Id*.  Petitioner did not file a *pro se* brief.  Petitioner's

conviction was affirmed on July 24, 2003.  *R.B. DeBlanc v. State*, No. 01-02-00553-CR, 2003 WL

21710535 (Tex.App. [1st Dist.] 2003, no pet.).  Petitioner did not file a Petition for Discretionary

Review ("PDR") with the Texas Court of Criminal Appeals.

On July 14, 2005,[3] Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of

the Texas Code of Criminal Procedure, which was later denied by the Texas Court of Criminal

Appeals on October 5, 2005.  *Ex parte DeBlanc*, Applic. No. WR-62,750-01.  Petitioner filed the

instant writ on March 10, 2006.[4]   Petitioner alleges he is entitled to federal habeas corpus relief

based on the following grounds: (1) the indictment in his case was defective; and (2) he was denied

effective assistance of counsel on appeal because counsel did not pursue his Fifth Amendment claim

on appeal.  Pet'r Writ at 7.

---

[2] *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] Petitioner's state writ was filed with the clerk of the court on this date.  S.R. at 14.  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (mailbox rule does not apply to state court writs).

[4] Petitioner did not complete the verification to signify on what date he placed the writ in the prison mailing system (Pet'r Writ. at 9), however, the envelope containing his Writ reflects that March 10, 2006 is the date that it was post-marked.  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (mailbox rule applies to federal writ petitions).

2

*Statutory Limitations Issue*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for state prisoners filing federal habeas corpus petitions.  28 U.S.C.A. § 2244(d)(1); *see also Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (recognizing the AEDPA explicit limitation period for state prisoners filing federal habeas petitions).  The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d)(1)-(2).  Petitioner does not satisfy any of exceptions (B), (C) or (D) to the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(1)(B)-(D).  Accordingly, the one-year limitations began on the date the judgment in this case became final.  28 U.S.C. § 2244(d)(1)(A).

The judgment against Petitioner became final on August 25, 2003.  Under the AEDPA, unless tolled, Petitioner had until August 25, 2004, to file a federal writ of habeas corpus.  Petitioner did not file his first state writ until July 14, 2005, well after the expiration of the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001) (holding state application filed after expiration of limitations period does not statutorily toll limitations period). Petitioner's federal writ was not filed until March 10, 2006.  Therefore, unless equitably tolled, Petitioner's federal writ is time barred by the one-year limitations period.

*Equitable Tolling Issue*

The one-year limitations period is subject to equitable tolling, but only in "rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000).  Moreover, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "principally where the plaintiff is actively mislead by the defendant upon the cause of action or is prevented in some extraordinary way from asserting his rights."  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003) (quoting *Coleman*, 184 F.3d at 402);  *but see*, *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir. 1996) (application of equitable tolling is not warranted for "garden variety claims of excusable neglect.").  A petitioner bears the burden of proof and "must demonstrate 'rare and exceptional circumstances' warranting application of the doctrine."  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner does not identify any grounds for equitable tolling in his federal writ petition or in the Response he filed to Respondent's Answer.[5]  However, to the extent that Petitioner claims, as his did in his state writ petition (S.R. at 17-19), that he is entitled to equitable tolling because his appellate counsel misled him regarding his appeal, the Court finds no basis in the record for any such conclusory allegations.  Instead, the Court observes that in a March 13, 2003, Order the Thirteenth Court of Appeals in Texas expressly informed Petitioner, out of the abundance of caution, that appellate counsel had filed an *Anders* brief, explained its effect, provided Petitioner with a copy of the brief, informed him of his right to examine the record and file a *pro se* appeal, and provided him additional time, if he chose, to file his *pro se* brief.  S.R. 30-31.  Although apprised of his rights by the court, Petitioner did not file a *pro se* brief asserting his claims on appeal.  Petitioner also did not file any habeas challenge to his conviction until July 14, 2005, approximately two years after his conviction became final.  Petitioner's delay in filing his state habeas application weighs against equitable tolling.  *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000).  Moreover, it is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing.  *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000);  *Fisher*, 174 F.3d at 714.  This Court finds that Petitioner has failed in his burden of establishing that "rare and exceptional circumstances" exist

---

[5] The Court observes that in his Response to Respondent's Answer, Petitioner appears to argue that Respondent has waived his right to assert his Petition is time barred because it was not previously raised and, as such, abandoned. Pet'r Resp. at 3.  Petitioner's claim, however, is clearly erroneous as there is no evidence of waiver by Respondent.  Instead, following the Court's Show Cause Order, Respondent filed his Answer in a timely manner and asserted that the Petition was time barred.  In addition, Petitioner appears allege that the substitution of parties (*i.e.*, from Dretke to Quarterman) was deceptive and represents a conflict (Pet'r Resp. at 5-8), but this contention also is without merit. Fed. R. Civ. Proc., Rule 25(d)(1).

which warrant the application of equitable tolling in this case and, therefore, **RECOMMENDS** that the Petition be **DISMISSED**.

**CONCLUSION**

For all the reasons stated herein, the Court **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of R.B. DeBlanc (Instrument No. 1) be **DISMISSED as time-barred**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **November 6, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this _____19th_____ day of October, 2006

_____
John R. Froeschner
United States Magistrate Judge